PRODUCTION TOOL SUPPLY COMPANY v CITY OF ROSEVILLE

OPINION OF THE COURT

1. MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS—STREET IMPROVE-
   MENTS—SPECIAL BENEFITS—BENEFITS TO COMMUNITY.

   A municipality may specially assess property for the cost of
   constructing or improving roads and drains abutting the prop-
   erty; for such special assessment to be valid, however, the
   assessed property must sustain a special benefit which is
   ⚓ greater than the benefit realized by the community in general.

2. MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS—BENEFITS RE-
   CEIVED.

   A special assessment of property must be levied in proportion to
   the benefit received by the property assessed.

3. MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS—SPECIAL BENE-
   FITS—MUNICIPAL IMPROVEMENTS.

   Property may be specially benefitted for the purposes of a special
   assessment where improvements by a municipality: (1) increase
   the value of the property; (2) relieve the property of an existing
   burden; or (3) create a special adaptability for the property.

4. MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS—PRESUMPTION OF
   VALIDITY.

   A municipality levying a special assessment against property
   enjoys a presumption that such levy is valid.

DISSENT BY ALLEN, P. J.

5. MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS—BENEFIT TO AD-
   JOINING PROPERTY—JUDICIAL REVIEW—APPEAL AND ERROR.

   *The legislative body imposing a special assessment for the pur-*

REFERENCES FOR POINTS IN HEADNOTES

[1–6] 70 Am Jur 2d, Special or Local Assessments §§ 18 *et seq.* 25, 34,
   35.
   Widening of city street as local improvement justifying special
   assessment of adjacent property. 46 ALR3d 127.
[2] 70 Am Jur 2d, Special or Local Assessments § 88.
[5, 6] 2 Am Jur 2d, Administrative Law § 556.

*pose of street improvements is in the best position to determine whether a benefit is conferred upon the property so assessed and the amount of such benefit; courts are reluctant to interfere in this legislative determination unless there is fraud, mistake, discrimination, or the absence of the benefits claimed appears with a certainty.*

6. MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS—STREET IMPROVE-MENTS—BENEFIT TO ABUTTING PROPERTY—JUDICIAL REVIEW—APPEAL AND ERROR.

*The concept that road improvements, including street widening in particular, automatically result in special benefits to abutting properties, even when so determined by the legislative body imposing assessments, may be overturned where the record as a whole stretches credulity or shows beyond fair dispute that an overall harm results to the property owners assessed.*

Appeal from Macomb, Howard R. Carroll, J. Submitted November 8, 1976, at Detroit. (Docket No. 26152.) Decided March 2, 1977. Leave to appeal denied, 400 Mich 840.

Complaint by Production Tool Supply Company for a declaratory judgment to declare invalid a special assessment of the company's property by the City of Roseville. Judgment for plaintiff. Defendant appeals. Affirmed.

*Kasoff, Young, Gottesman, Kovinsky, Friedman & Walkon, P. C.,* for plaintiff.

*Peterson & Hay, P. C.* (by *John J. Kraus, Jr.),* for defendant.

Before: ALLEN, P. J., and T. M. BURNS and BEAS-LEY, JJ.

T. M. BURNS, J. Plaintiff brought this declaratory judgment action after its property was specially assessed by defendant's city council for a portion of the costs of improving a street upon

which the property abuts. Defendant appeals from
the trial court judgment declaring the assessment
of plaintiff's property invalid and ordering defend-
ant to refund payments made by plaintiff thereun-
der.

Plaintiff owns a retail store and warehouse facil-
ity on the corner of Groesbeck Highway and East-
land Avenue in Roseville. The building runs
lengthwise along Eastland and fronts on Groes-
beck. Plaintiff also owns vacant land that runs
over 200 feet from the rear of the store away from
Groesbeck and along Eastland. This vacant land is
zoned for industrial use.

In 1973 defendant's city council instituted spe-
cial assessment proceedings for the improvement
of Eastland Avenue, changing it from a gravel
road to a paved, two-way street with curbs and
gutters. Based upon its footage on Eastland, plain-
tiff was assessed $7,436.36 for the improvements.

It was plaintiff's position at trial that the special
assessment of its property was invalid since the
property derived no benefit from the improve-
ments over and above that obtained by the public
in general. Plaintiff argued that it did not use and
did not need to use Eastland Avenue since its store
and parking lot faced Groesbeck, there was no
means of ingress to or egress from its property on
Eastland, and its property fronting on Eastland
was not in use. Plaintiff introduced evidence to
show that its property had not increased in value
as a result of the improvements and that the
improvements did not relieve any existing burdens
on the property. At the conclusion of the plaintiff's
proofs the defendant moved for involuntary dis-
missal, arguing that plaintiff had failed to over-
come the presumption of validity of the special
assessment. The trial court denied the motion,

heard defendant's evidence and ruled that the special assessment was invalid as plaintiff's property derived no special benefit from the improvements.

Defendant raises the following issues on appeal:

1. Whether the trial court erred reversibly in denying defendant's motion for involuntary dismissal.

2. Whether the trial court applied an improper standard in measuring the benefit plaintiff's property derived from the improvements.

3. Whether plaintiff's evidence was insufficient to overcome the presumption of validity of the special assessment.

A municipality may specially assess property for the costs of construction or improvement of roads and drains which abut the property. For the special assessment to be valid, however, the assessed property must sustain a special benefit which is greater than the benefit realized by the community in general. *Leonard Capaldi Contracting Co, Inc v City of Fraser,* 70 Mich App 227; 245 NW2d 575 (1976), *Fluckey v City of Plymouth,* 358 Mich 447; 100 NW2d 486 (1960). Property may be specially benefitted, for example, where the improvement: (1) increased the value of the property; (2) relieved the property of an existing burden; or (3) created a special adaptability for the property. *Soncoff v City of Inkster,* 22 Mich App 358; 177 NW2d 243 (1970). Such assessments must also be levied in proportion to the benefit received by the property. *Crampton v Royal Oak,* 362 Mich 503; 108 NW2d 16 (1961). One who challenges the levy of a special assessment against his property, however, carries a heavy burden of proof as the municipality in levying a special assessment enjoys a

presumption that the levy is valid. *Tack v Roseville,* 67 Mich App 34; 239 NW2d 752 (1976).

At trial, plaintiff introduced evidence to show that:

1. Plaintiff's building was constructed facing Groesbeck Highway with no use of or need for an outlet onto Eastland Avenue.

2. Plaintiff's property had never suffered flooding problems.

3. The property had never suffered dust or mud problems due to the unimproved nature of Eastland Avenue.

4. The improvement of Eastland Avenue did not render the vacant property more adaptable for industrial purposes.

5. The improvements did not enhance the market value of the property.

6. The improvements had in fact proved detrimental due to the increased volume of traffic on Eastland Avenue.

Defendant introduced evidence to prove that:

1. Due to the improvements plaintiff's land could be sold and developed more advantageously.

2. The improvements made increased commercial traffic possible.

3. The improvements eliminated pre-existing dust, mud, flooding and mosquito problems.

4. The improvements substantially increased the value of plaintiff's property.

In ruling that plaintiff's property was not specially benefitted by the improvement of Eastland Avenue the trial court found that:

1. Plaintiff's business had sufficient access to a major highway prior to the improvements.

2. The property possessed sufficient sewage facilities prior to the improvements.

3. The improvements did not relieve the property of pre-existing burdens.

4. Existing improvements on plaintiff's property were constructed in such a fashion as to prevent plaintiff from obtaining any benefit from the use of Eastland Avenue.

Defendant first argues that the trial court should have granted the motion for involuntary dismissal at the conclusion of plaintiff's proofs since plaintiff failed to rebut the presumption of validity of the special assessment. Defendant asks us to substitute our judgment for that of the trial court in weighing plaintiff's evidence against the presumption that the city council's finding of special benefit was correct. We, however, look for abuse of discretion on the part of the trial court in denying defendant's motion, and we find none. The evidence submitted by the plaintiff at the time of the motion was not clearly insufficient to overcome the presumption. See GCR 1963, 504.2, *Warren v June's Mobile Home Village and Sales, Inc,* 66 Mich App 386; 239 NW2d 380 (1976).

Defendant next argues that the trial court erred in failing to recognize and consider the potential future benefits to plaintiff and its vacant land due to the improvements. Our reading of the record does not agree with defendant's. Remarks made by the trial judge indicate, for example, that he considered defendant's expert's testimony that plaintiff's vacant lot would increase in value and be relieved of dust problems. In his findings the trial judge, clearly and justifiably, rejected the proposition that elimination of dust from industrial property amounted to a special benefit. The trial judge made clear in his findings that while the plaintiff might benefit in some manner from the improvements, the evidence did not warrant the conclusion that plaintiff gained any special benefit.

Finally, defendant urges that we review the evidence presented by the parties at trial *de novo* and reach a conclusion contrary to that of the trial court. Having reviewed the testimony taken below and the pertinent exhibits, however, we are not convinced that the trial court's conclusion was erroneous. In reaching this conclusion we have considered present and potential benefits to the plaintiff in two contexts: first, to the improved portion of the property and the vacant lot as a whole, and second, to the two lots individually.

The location of Eastland Avenue relative to plaintiff's property is of particular significance. The building was constructed facing Groesbeck Highway, a major thoroughfare, with parking and loading facilities designed to be accessible only via that street. Eastland Avenue, which was later constructed, runs alongside the building and perpendicular to Groesbeck. There are no parking or building entrances on Eastland. While it is conceivable that a driveway onto Eastland could be constructed at the rear of plaintiff's building, it is difficult to imagine the feasibility of such a driveway, as there are no entrances to the building at the rear. Even if such an entrance might provide an additional means of travel to and from the parking lot on the opposite end of the building, the paving of Eastland Avenue would not necessarily make such an entrance more feasible or beneficial. Nor did the improvements relieve the improved portion of plaintiff's land of any burdens. Dust, mud and flooding either were not problems to the commercial use of the property or did not exist. Defendant's evidence that plaintiff's improved property was substantially enhanced in market value by the street improvements simply is not convincing.

A different situation exists in regard to the vacant portion of the property. The vacant lot fronts lengthwise on Eastland. It is zoned for industrial use. As for this lot, also, defendant's assessment is not justified on the basis that the street improvements relieve an existing burden. While it is conceivable that the street improvements have enhanced the value and/or adaptability of the vacant land as a separate lot, the size and shape of the lot in light of zoning and building restrictions preponderate against such a conclusion.

On review of the evidence we find that there was no special benefit to the plaintiff's property due to the improvement of Eastland Avenue. While it might be concluded that the property was benefitted in some way, the benefit wasn't special and the assessment levied against the plaintiff wasn't proportional to that benefit.

We find no reversible error in the trial court.

Affirmed.

BEASLEY, J., concurred.

ALLEN, P. J. *(dissenting).* This Court, in *Wabeke v City of Holland,* 54 Mich App 215, 219–221; 220 NW2d 756 (1974), and in *Tack v Roseville,* 67 Mich App 34, 39; 239 NW2d 752 (1976), set forth the standards of judicial review in determining whether a project confers a special benefit. The relative standards referred to read:

"3. Whether there is no benefit at all, or the amount of benefit, is peculiarly a decision best made by the legislative body imposing the assessment. Courts are reluctant to interfere in this legislative determination unless there is fraud, mistake, discrimination or where

the absence of the benefits claimed appears with cer-
tainty.

"4. The concept that road improvements, including
street widening in particular, automatically result in
special benefits even when so determined by the legisla-
tive body, may be overturned where the record as a
whole 'stretche[s] credulity' or 'shows beyond fair dis-
pute' an overall harm to the property owners assessed,
* * * ." *Wabeke, supra,* p 220. (Citations omitted.)

Upon employing these standards to the case at
hand I cannot conclude that (a) the absence of
special benefit appears with certainty or (b) the
decision of the legislative body stretches credulity.
Instead, I believe it stretches credulity to conclude
that no special benefit was conferred.

Evidence introduced by the city conclusively
established that prior to the improvement East-
land Avenue was a dirt-slag-gravel roadway with
numerous potholes, mud, gravel and frequent pools
of standing water. Along its sides lay open ditches
three feet deep which, following storm periods,
filled with stagnant water and became a health
hazard in terms of breeding mosquitoes. This was
replaced with a 36-foot wide concrete roadway
with curbing and gutters. The open ditches were
covered and stagnant water run off through the
gutters which were connected to existing storm
sewers.

Plaintiff's small retail store was some 50 feet
wide, fronting on Groesbeck, and 80 feet long on
Eastland. After allowing for its set-back from Gro-
esbeck, there remained a parcel of industrially
zoned vacant land 219 feet along Eastland and 106
feet deep. Even if we assume *arguendo* that the
store building itself received no special benefit by
reason of the improvement, it appears obvious that
the vacant parcel was considerably enhanced in

value thereby. Even plaintiff's expert witness, the city assessor from Madison Heights, conceded on cross-examination that if plaintiff tried to sell that portion of the vacant lot fronting on Eastland, prospective purchasers would be willing to pay more money as a result of such improvements. Alternatively, if plaintiff elected to retain the property and expand its present facilities, convenient access would be available from the newly paved street. In *Wabeke, supra,* this Court found that the elimination of standing pools of water, mud, debris and dirt and the installation of curb and gutter worked a special benefit. Subsequently, in *Tack, supra,* we stated that the elimination of open ditches, if financed by the assessment rather than being separately financed,[1] constituted a special benefit.

The city's final witness, a real estate broker and appraiser, testified that because of the improvements, the value of plaintiff's property had increased 25% to 30%. Based on these facts I can only conclude that the absence of benefits claimed by plaintiff does not appear with certainty. Neither does the decision of the governing body stretch credulity. Accordingly, I would reverse the judgment of the trial court.

---

[1] "Video tapes, substantial portions of which were viewed by us, strikingly depict a general aesthetic uplifting of the area through the elimination of the ditches along the sides of the roadway. To this extent plaintiffs were obviously specially benefited. But most of this improvement was separately funded in a Chapter 20 program and was not included in the $4 per front foot assessment. Therefore, the trial court was correct in not including this benefit as part of the assessment." 67 Mich App at 40–41. In the instant case the elimination of ditches was not funded by Chapter 20 but was funded through the assessment.